UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOHN L. THURSTON,**

   Plaintiff,

v.                                                                  No. 4:23-cv-00158-P

**SOUND PHYSICIANS ANESTHESIOLOGY
OF TEXAS, PLLC,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Partial Motion to Dismiss. ECF No. 36. Having considered the Motion and applicable law, the Court finds the Motion should be and hereby is **GRANTED**.

## BACKGROUND

John Thurston didn't like his job. While everyone has experienced a bad day at work, Thurston's were worse than most. In 2021, Thurston joined Defendant Sound Physicians Anesthesiology of Texas, PLLC ("Sound Physicians") as a Cardiothoracic Anesthesiologist. During his tenure with Sound Physicians, Thurston says he was subjected to "physical assault [] and discrimination due to his nationality and race." Further still, when Thurston tried to report such inappropriate workplace conduct, he was "retaliated against repeatedly, leading to his dismissal from employment." He sued Sound Physicians on February 16, 2023, alleging six causes of action: three claims for retaliation, discrimination, and hostile work environment/harassment under Title VII and three identical claims under 42 U.S.C. § 1981.

Thurston filed an Amended Complaint in October 2023. The core allegations remained the same, but his Amended Complaint added two additional causes of action: (1) "agency, respondeat superior, and vicarious liability," and (2) "negligent hiring, retention, training, screening, and failure to warn." Sound Physicians moved to dismiss

these claims, Counts VII and VIII of the Amended Complaint, on December 15, 2023. Their Motion argues Thurston's additional tort claims are preempted by the Texas Commission on Human Rights Act ("TCHRA") and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Thurston did not respond to the Motion and his case was reassigned from Judge Reed C. O'Connor in March 2024. The Court now takes up Sound Physicians' Motion.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In making this determination, "[t]he court accepts well-pled facts as true and 'views them in the light most favorable to the plaintiff.'" *Vardeman v. City of Hous.*, 55 F.4th 1045, 1050 (5th Cir. 2022). That's because "a Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

To survive Sound Physicians' Motion, Counts VII and VIII of the Amended Complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see generally* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Naturally, a pleading fails to show "the pleader is entitled to relief" if it sets forth claims that are precluded, preempted, or otherwise legally incognizable. *See, e.g.*, *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023); *Petrobas Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 256 (5th Cir. 2021). In such circumstances, it doesn't matter how plausible the allegations

are—a perfectly pleaded yet legally incognizable claim must still be dismissed under Rule 12(b)(6). *See Jeanty*, 72 F.4th at 119 (cleaned up) (noting dismissal under Rule 12(b)(6) is proper if a claim-defeating issue "appear[s] on the face of the complaint"). That's because the claim is effectively dead from the start; if the allegations are not actionable then the plaintiff "can prove no set of facts that would overcome the defense or otherwise entitle them to relief." *Id*. Sound Physicians says that's the case here.

As noted, Sound Physicians says Counts VII and VIII must be dismissed because, the plausibility of Thurston's allegations aside, the resulting claims are precluded as a matter of law by the TCHRA. *See* ECF No. 37 at 10. In evaluating this argument, the Court need not ask whether Thurston could prove his allegations, as Sound Physicians' Motion tests the "sufficiency of the pleadings, not the merits of the case." *George*, 36 F.4th at 619. Rather, the Court need only ask if the pleadings set forth a claim that, taken as true, would entitle Thurston to relief. *See id.* As explained below, they do not. In making this decision, the Court asks two questions, guided by the Supreme Court of Texas's holding in *Waffle House v. Williams*, 313 S.W.3d 796 (Tex. 2010). *First*, would Thurston's harassment allegations be actionable under the TCHRA? *See id.* at 799–803. *Second*, if so, do the causes of action enumerated in Counts VII and VIII of the Amended Complaint arise from the same set of facts as the TCHRA-actionable claims? *Id.*

### A. Thurston's allegations would be independently actionable under the TCHRA.

Under the TCHRA, an employer "commits an unlawful employment practice if, because of race, color, . . . sex . . . or age, the employer discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE. ANN. § 21.051(1). That's almost word-for-word what Thurston alleges here. *See generally* ECF No. 1 at 3–10. Indeed, claims under Title VII or 42 U.S.C. § 1981 are almost always actionable via the TCHRA, as "[o]ne of the primary goals of the [TCHRA] is to coordinate state law with federal law in the area of employment discrimination." *Vielma v. Eureka Co.*, 218 F.3d 458, 462

3

(5th Cir. 2000) (citing TEX. LAB. CODE ANN. § 21.001(1)–(2)). Accordingly, it is beyond dispute that Thurston's claims would be actionable under the TCHRA. *See id.* The Court must next ask if Counts VII and VIII of the Amended Complaint arise from the same set of facts, or whether their genesis is in facts not covered by Texas's statutory regime.

### B. Counts VII and VIII of the Amended Complaint arise from the same set of facts as Thurston's TCHRA-actionable harassment claims.

The TCHRA was enacted to provide an "exclusive state-law remedy" for workplace harassment and inextricably related torts. *Eure v. Sage Corp.*, 61 F. Supp. 3d 651, 667 (W.D. Tex. 2014) (Ezra, J.); *Sauceda v. Bank of Tex., N.A.*, No. 3:04-cv-2201-P, 2005 WL 578474, at *2 (N.D. Tex. Mar. 9, 2005) (Solis, J.), *rev'd on other grounds, Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020); *see also Waffle House*, 313 S.W.3d at 805–07 (discussing TCHRA exclusivity and its preclusive effect for tort claims "rooted in facts inseparable from those underlying the alleged harassment"). Accordingly, Texas law makes clear that where the factual predicate of a plaintiff's tort claim would "constitute actionable harassment under the TCHRA," the resulting claim is precluded. *Waffle House*, 313 S.W.3d at 799.

A careful reader of the Amended Complaint may object to such preclusion, pointing to the obvious fact that Thurston does not bring a claim under the TCHRA. *See* ECF No. 24. But the TCHRA's preclusive effect is triggered where the underlying allegations *could* be actionable under the TCHRA, even if the plaintiff brings them under a different (e.g., federal) statute. *See Stelly*, 982 F.3d at 408 n.6 (collecting cases); *see also Wiggins v. St. Luke's Episcopal Health Sys.*, 517 F. App'x 249, 252 (5th Cir. 2013) (finding TCHRA precluded common-law tort claims where facts underlying plaintiff's Title VII claim were actionable under the TCHRA).

Here, there is no doubt that Counts VII and VIII of the Amended Complaint share the same factual predicate as Thurston's previously asserted claims under Title VII and 42 U.S.C. § 1981—claims which are actionable under the TCHRA. Indeed, those claims are unaccompanied by any new factual allegations, but simply "incorporate[] the preceding

4

paragraphs [of the Amended Complaint] as fully set forth herein." ECF No. 24 at 13. The respective Counts set forth claims for (1) "agency, respondeat superior, and vicarious liability" and (2) "negligent hiring, retention, training, screening, and failure to warn." ECF No. 24 at 13. The Court could not adjudicate those claims without reference to the broader factual allegations underlying Thurston's Title VII/§ 1981 claims.

Because the pleadings evince a clearly shared factual nexus, Counts VII and VIII of the Amended Complaint are precluded by the TCHRA, despite the absence of a TCHRA claim in the pleadings. *See generally Wiggins*, 517 F. App'x at 252 (citing *Waffle House*, 313 S.W.3d at 803) (noting that "[t]o hold otherwise" would allow plaintiffs to "circumvent the TCHRA for otherwise preempted claims by artful pleading"). Applying *Waffle House*, federal courts in Texas have routinely found claims identical to Thurston's are precluded by the TCHRA. *See, e.g.*, *id.* at 252 (finding TCHRA precluded essentially identical allegations brought in conjunction with Title VII claims); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 980 (N.D. Tex. 2011) (Lynn, J.) (finding "[Plaintiff's] negligent supervision and retention claims rely on the same allegations [as underlying Title VII claims] and are thus barred [by the TCHRA]"); *Chime v. PNC Bank Corp.*, No. 3:96-CV-2848-H, 1998 WL 51285, at *26 (N.D. Tex. Jan. 21, 1998) (Sanders, J.) (same); *Dewall v. Palio's Five Star, Inc.*, No. 4:15-cv-156, 2015 WL 5996453, at *3 (E.D. Tex. Oct. 14, 2015) (Mazzant, J.) (same). With respect to Counts VII and VIII of Thurston's Amended Complaint, the same result is fitting here.

## CONCLUSION

Because the tort claims added in Counts VII and VIII of Thurston's Amended Complaint share the same factual gravamen as his TCHRA-actionable harassment claims, they are precluded as a matter of law. *See Waffle House*, 313 S.W.3d at 805–07. Accordingly, the Court **GRANTS** Sound Physicians' Partial Motion to Dismiss (ECF No. 36) and **DISMISSES** those claims **with prejudice**. However, Thurston's remaining claims clearly set forth plausible causes of action under Title VII and 42 U.S.C. § 1981. Thus, those claims live to fight another day, and nothing herein shall be construed as striking or otherwise altering

such claims or the accompanying factual allegations set forth in Thurston's Amended Complaint. ECF No. 24.

**SO ORDERED** on this **28th day** of **March 2024.**

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE